[No. 7,812.—In Bank.]

## A. W. BISHOP *v.* THE COUNCIL OF THE CITY OF OAKLAND.

Justices of the Peace—Constitutional Law—Elections.—*The People ex rel. Pennie* v. *Ransom, supra,* 558, affirmed.

Id.—Id.—Id.—Cities—Local or Special Laws—General Laws—Definitions.—The provisions of section 103 of the Code of Civil Procedure, relating to the election of Justices of the Peace in cities, is a general and not a special or local law, and is, therefore, not in contravention of any of the provisions of article iv of the Constitution, or of the provisions of section 6, article xi; nor are they in contravention of section 11, article vi, of the Constitution:

*Held,* accordingly, That it was the duty of the defendant to provide the plaintiff—a city Justice of the Peace—with a suitable office.

Appeal from a judgment for the plaintiff for a peremptory writ of mandamus against the defendant, and from an order denying a new trial in the Superior Court of Alameda County. Crane, J.

*J. M. Poston,* for Appellant.

The act (section 103, Code Civ. Proc.) is local and special, and is, therefore in conflict with the following several provisions of the Constitution: Art. iv, § 25, Subds. 1, 3, 28, 29, 32; art. xi, §§ 5, 6; *Desmond* v. *Dunn,* 55 Cal. 250; *Earle* v. *Board of Education,* id. 490; *Ex parte William Westerfield,* id. 551; *The State* v. *Mitchell,* 31 Ohio St. 607; *Devine* v. *Commissioners of Cook County,* 84 Ill. 592; *People* v. *Wright,* 70

id. 399; *People* v. *Allen,* 42 N. Y. 412; *People* v. *Cooper,* 83 Ill. 591; *People* v. *Albertson,* 55 N. Y. 50.    The operation of the act is not uniform.    (Const., art. i, § 11; *Brooks* v. *Hyde,* 37 Cal. 375; *Bourland* v. *Hildreth,* 26 id. 256.)    A Justice of the Peace must be elected, not appointed.    (Const., art. vi, § 11; art. xxii, § 10.)    "An election is that method of choosing an officer by which each voter over whom the officer has jurisdiction, has or may have a voice in the choosing." Section 103 of the Code of Civil Procedure provides that a city justice shall be elected by the electors of the city; if any territorial jurisdiction whatever is given him it is given by section 106 of the Code of Civil Procedure, and extends to the limits of the township.    Section 103 of the Code of Civil Procedure, and the chapter of the code containing it, conflicts with, and, if valid and applicable to the City of Oakland, it amends the charter of the city in several very material particulars.    (Statute of 1862, pp. 339, 340, 351, § 4; Statutes of 1863–64, p. 393; Statutes of 1865–66, p. 194; Statutes of 1873–74, p. 805, § 4.)    The City of Oakland was incorporated years before the adoption of the present Constitution, and its charter can not be changed or amended except in the manner pointed out in the Constitution.    No general law has any application to the city except it be passed and adopted in the manner prescribed.    (Constitution, art. xi, § 6; *Desmond* v. *Dunn,* 55 Cal. 246; *Commonwealth* v. *The Council of Montrose,* 52 Pa. St. 391; Dwarris on Stats., 765; *Wise* v. *Button,* 25 Wisc. 109; Cooley's Const. Lim., 63; *Wood* v. *Board of Election Commissioners, supra,* 561; *The State* v. *The Town of Clark,* 23 Minn. 429; *State* v. *Macon County Court,* 41 Mo. 453; *Slack* v. *Maysville & Lexington R. R. Co.,* 13 B. Mon. 17–19; *State ex rel.* v. *Macon County Court,* 41 Mo. 457; *Covington* v. *East St. Louis,* 78 Ill. 550; *Allbyer* v. *The State,* 10 Ohio St. 589; Pol. Code, §§ 19, 4480, Subd. 1; *Ex parte Simpson,* 47 Cal. 127.)

*J. G. McCallum,* for Respondent.

The act of April 1st, 1880 (amending § 103, Code Civ. Proc.), is constitutional.    (*The People ex rel. Pennie* v. *Ransom, supra,* 558; *Wood* v. *Board of Election Commissioners, supra,* 561.

THORNTON, J.:

This is an appeal prosecuted by defendant from a judgment in an application for a writ of mandamus, commanding the defendant to furnish the plaintiff with a proper office in which to hold his Court as a Justice of the Peace of the City of Oakland, and from an order denying a new trial in the same proceeding.

Various constitutional questions are made in the brief filed on behalf of the appellant, which were all considered and passed on in the case of the *People ex rel. Pennie* v. *Ransom*, *supra*, 558. We consider these questions as settled by that decision, and that they are no longer open for examination in this Court.

It is contended on behalf of the appellant that the law requires a Justice of the Peace to be elected—not appointed. This is clearly so. But as the plaintiff was elected we can not see how the question arises. His election was held under a valid law, general and uniform in its operation, enacted April 1st, 1880, to pass which ample power is vested in the Legislature by the Constitution. (See art. vi, § 11.)

By section 103 of the Code of Civil Procedure, as enacted in the statute just referred to, it is provided that "in every city having twenty thousand and not more than one hundred thousand inhabitants, two Justices of the Peace" are to be elected by the electors of such cities respectively. This provision is not *local* or *special* because confined to cities having twenty thousand and up to one hundred thousand inhabitants. It applies to all cities of that class, and the power of classification is conferred by the grant of power in the section of the Constitution above cited, where the Legislature is vested with authority to determine the number of Justices of the Peace in each of the political divisions of the State mentioned in it, among which political divisions cities are included. We find nothing in article iv of the Constitution of this State which inhibits such legislation.

It appears from the findings that the City of Oakland was duly incorporated by an act of the Legislature, approved March 25th, 1854, and has been and was a municipal corporation when the judgment in this case was rendered; that it

had at the time of the approval of the act of the Legislature above referred to, approved April 1st, 1880, and ever since has had, a population of more than twenty thousand and less than one hundred thousand inhabitants; that plaintiff was legally elected at the general election in 1880 as a Justice of the Peace of the City of Oakland, received his certificate of election in accordance with law, has properly qualified as such Justice, and was acting as such when this proceeding was commenced.

It is provided by section 103, above cited, that " every Justice of the Peace in any city having over ten thousand inhabitants    *    *    *    shall be provided by the city authorities with a suitable office in which to hold his Court."

This provision is plain. We can not see how it could be made plainer. It is an ample investiture of the defendant with authority to do the act commanded, and is a full warrant for so doing. It invests the defendant with all means necessary and proper to execute the command expressed in the clause of the statute above quoted. The authority thus conferred is as ample as if it were given in the charter of the City of Oakland.

By the provisions of article xi, section 6, of the Constitution, cities heretofore organized shall be subject to and controlled by *general laws*. What the limits of this power are, it is unnecessary to state in this cause, but we have no doubt it applies to the judiciary of the State, of which Justices of the Peace form a part, and a very important part. (Const., art. vi, § 1.) In fact the power to legislate on this matter is fully given to the State Legislature by section 11 of the article last cited, and we find no limitation of this power in article xi.

Several other questions were discussed in the brief of counsel for appellant, but in our view they are entirely irrelevant to the points on which this cause turns.

There is nothing in the previous decisions of this Court not in consonance with the conclusion here reached.

We find no error in the record in this cause, and the judgment and order are affirmed.

MORRISON, C. J., and MYRICK, J., concurred.

SHARPSTEIN, J., concurring:

The Legislature has the power to determine the number of Justices of the Peace to be elected in incorporated cities (Const., art. vi, § 11), and is not prohibited from doing so by a local or special law. (Const., art. iv, § 25.)